UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAINAAT CHISHTI and
ALIA QURESHI,

    Plaintiffs,

v.                                            Case No. 8:20-cv-2840-T-KKM-AEP

SAMUEL CORALUZZO COMPANY, INC.,
and GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER**

Plaintiffs Kainaat Chishti and Alia Qureshi move to substitute the Estate of Delbert Lawrence for Delbert Lawrence as a defendant in this case. (Doc. 40). The plaintiffs state that Mr. Lawrence is deceased. (*Id.*).

The Court denies the plaintiffs' motion without prejudice because it fails to comply with Local Rule 3.01(a). That rule requires motions to include a legal memorandum supporting the requested relief. The plaintiffs' motion contains no memorandum or legal argument, nor does the motion even reference the relevant Federal Rule of Civil Procedure. Further, the plaintiffs' motion includes no certification required under Local Rule 3.01(g) on whether the plaintiffs conferred with the opposing parties on their requested relief. It now is evident that defendants oppose the

substitution of Mr. Lawrence's estate. (Doc. 42 & 43).

In resubmitting their motion, the plaintiffs must include legal arguments about why the Court should substitute in Mr. Lawrence's estate under Federal Rule of Civil Procedure 25(a)(1), despite Mr. Lawrence not currently being a party. *See* Fed. R. Civ. P. 25 (governing substitution of *parties*) (emphasis added). Further, the plaintiffs should address how Rule 25(a)'s ninety-day deadline to substitute parties applies here. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the [party's] death, the action by or against the decedent must be dismissed."); *Lizarazo v. Miami-Dade Corr. and Rehab. Dep't*, 878 F.3d 1008, 1009 (11th Cir. 2017) ("[T]o start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a personal representative of the deceased party.").

The Court also denies as premature the plaintiffs' motion to remand. (Doc. 17). The basis of the plaintiffs' motion rests on Mr. Lawrence's estate becoming a party to this action. (*See id.*). Because Mr. Lawrence's estate is not yet a party, the plaintiffs' motion for remand is premature, but the plaintiffs may renew their motion to remand if the Court grants the renewed motion to substitute.

The following is therefore **ORDERED**:

1. The plaintiffs' motion to substitute parties (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

2. The plaintiffs' motion to remand to state court (Doc. 17) is **DENIED** as

premature.

**ORDERED** in Tampa, Florida, on February 8, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge