UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KAINAAT CHISHTI and
ALIA QURESHI,

    Plaintiffs,

v.                                      Case No. 8:20-cv-2840-T-KKM-AEP

SAMUEL CORALUZZO COMPANY, INC.,
and GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**

Plaintiffs Kainaat Chishti and Alia Qureshi move to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(2). (Doc. 48). [1] Defendant Samuel Coraluzzo Company opposes the plaintiffs' motion to voluntarily dismiss this case. (Doc. 51). Alternatively, Coraluzzo asks that, if the Court grants the plaintiffs' motion, it should be awarded fees and costs incurred as a result of litigating the case in this Court. Defendant Geico does not oppose the plaintiffs' motion for voluntary dismissal.

---

1 The plaintiffs filed a "Notice of Voluntarily Dismissal Without Prejudice" citing Federal Rule of Civil Procedure 41(a)(1)(i). (Doc. 48). But after the Court required briefing on this dismissal issue, the plaintiffs acknowledge that a Court order is necessary because the defendants answered the complaint in state court and the parties filed no joint stipulation. (Doc. 57 at 3). Coraluzzo and Geico agree that the plaintiffs' notice should be treated as a motion for voluntary dismissal. (Doc. 51 at 1); (Doc. 59 at 1). The Court will therefore treat the plaintiffs' notice as a motion for voluntary dismissal under Rule 41(a)(2).

(Doc. 59).

Rule 41(a)(2) allows the Court to dismiss an action at the plaintiffs' request on terms that the Court considers proper. If a defendant pleaded a counterclaim *before* the plaintiff filed the motion for voluntary dismissal, then the Court may dismiss the action over the defendant's objection if the counterclaim "can remain pending for independent adjudication." *Id.* Unless otherwise stated in the Court's order, an order dismissing an action under Rule 41(a)(2) is without prejudice. *Id.*

Coraluzzo argues that the Court should deny the plaintiffs' motion for voluntarily dismissal because they are attempting to forum shop. (Doc. 58 at 4–5). For the most part, Coraluzzo takes issue with the procedural background that the Court previously detailed. *See* (Doc. 55). Namely, the plaintiffs sued Coraluzzo and Geico in state court and included Delbert Lawrence Sanders as a defendant. (Doc. 1-2). After the state court dismissed Sanders (who is now deceased) as a party because of the plaintiffs' failure to timely serve him (Doc. 1-3), Coraluzzo removed the case to this Court based on diversity jurisdiction. (Doc. 1). This Court then denied the plaintiffs' motion for remand and to substitute Sanders's estate as a party to this lawsuit. (Doc. 44). Coraluzzo moved for leave to file counterclaims (Doc. 46); the plaintiffs filed their notice of voluntary dismissal (Doc. 48); and the plaintiffs filed a new action in state court bringing the same claims against the same defendants, this time including Sanders's estate. (Doc. 51, p. 2).

Coraluzzo sees the plaintiffs' actions as forum shopping because they seek to deny Coraluzzo "its right to avail itself of a federal court venue in favor of their own forum selection." (Doc. 58 at 5). Coraluzzo also argues that, if the Court grants the plaintiffs' motion for voluntarily dismissal and does not retain Coraluzzo's not-yet-pleaded counterclaims, then the Court will deny Coraluzzo its right to defend itself in federal court and its right to a federal forum for its claims against the plaintiffs. (*Id.* at 6). According to Coraluzzo, the "balancing of equities" should control whether the Court grants the plaintiffs' motion for voluntary dismissal. (Doc. 59 at 7).[2]

This Court has broad discretion in deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). In most cases, courts should grant voluntary dismissals unless the defendant will suffer clear legal prejudice. *Id.* "The mere prospect of a subsequent lawsuit" does not bar voluntary dismissal. *McCants v. Ford Motor Co. Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). Nor is it enough that "the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.*

Nonetheless, a voluntary dismissal might be inappropriate if the defendant would lose a "substantial right" or if the plaintiff's counsel acted in bad faith. *Goodwin v.*

---

[2] Coraluzzo's argument under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) is inapposite. That abstention doctrine applies when parallel federal and state proceedings exist that involve substantially the same parties and issues. *Stuart v. Ryan*, 818 F. App'x 858 (11th Cir. 2020). These are not parallel proceedings in that traditional sense—rather, the issue now is whether the singular proceeding should be litigated in state or federal court.

3

*Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014). The defendant's loss of its preferred federal forum may not be enough to constitute clear legal prejudice. *See id.* at 1222. What is more, the plaintiff's attorney's negligence in prosecuting the case is not enough to constitute clear legal prejudice. *Potenberg*, 252 F.3d at 1256. A court's task in ruling on a Rule 41(a)(2) motion is to "weigh the relevant equities and do justice between the parties." *McCants*, 781 F.2d at 857.

Coraluzzo fails to establish clear legal prejudice if the Court grants the plaintiffs' motion for voluntary dismissal. Coraluzzo's claimed prejudice—loss of a federal forum wherein to sue and be sued—is not enough, alone or together, to constitute clear legal prejudice. *See McCants*, 781 F.2d at 857; *Goodwin*, 757 F.3d at 1222. Nor is any negligence by plaintiff's counsel (such as failing to timely serve or substitute in Sanders's estate before the case was removed to federal court) in prosecuting this case enough to establish clear legal prejudice. *See Potenberg*, 252 F.3d at 1256. And because Coraluzzo has not pleaded any counterclaims (its motion for leave to file counterclaims is pending) Rule 41(a)(2)'s language concerning pleaded counterclaims is inapplicable. *See* Fed. R. Civ. P. 41(a)(2) (stating that action may be voluntarily dismissed over defendant's objection if the defendant has pleaded a counterclaim). Nothing suggests that Coraluzzo cannot plead its counterclaims in the state-court action. So, in the absence of clear legal prejudice to the defendants, the Court will grant the plaintiffs' construed motion for voluntary dismissal without prejudice.

Coraluzzo puts forth a good argument for awarding it attorney's fees and costs incurred as a result of the litigation in this Court. (Doc. 58 at 8–9). Imposing attorney's fees and costs on the plaintiff who later refiles an action previously dismissed voluntarily is within a court's broad equitable powers and alleviates any financial prejudice to the defendant. *See Potenberg*, 252 F.3d at 1260; *McCants*, 781 F.2d at 857; *LeCompte v. Mr. Chip Inc.*, 528 F.2d 601, 603 (5th Cir. 1976);[3] *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D. Fla. 1992) (Kovachevich, J.).

This case's background, as discussed fully in the previous order (Doc. 55), counsels in favor of awarding Coraluzzo its attorney's fees and costs. Put simply, the entire litigation at this Court is the result of the plaintiffs' failure to diligently prosecute its case in state court. The plaintiffs apparently failed to timely serve Sanders or his estate in state court before that court dismissed Sanders as a party. That failure resulted in Coraluzzo removing the state-court action to this Court once complete diversity existed. The plaintiffs then filed a motion to substitute in Sanders's estate that failed to comply with the Local Rules of the Middle District of Florida. That failure caused this Court to deny the plaintiffs' motion to remand as premature. (Doc. 55). The plaintiffs never renewed those motions.

After Coraluzzo moved for leave to file counterclaims, Plaintiffs then filed a

---

[3] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

notice of voluntary dismissal, which cited the wrong Federal Rule of Civil Procedure. (Doc. 48). Amidst the above blunders and while this case remained pending here in this Court, the plaintiffs filed a new state-court action based on the same claims against the same defendants. Those actions created a procedural quandary and resulted in the Court asking the parties to submit supplemental briefing.

In short: The plaintiffs' failure to diligently prosecute their case has resulted in wasted resources for Coraluzzo and wasted judicial resources. The Court will therefore award Coraluzzo its reasonable attorney's fees and costs incurred in this federal litigation beginning with the hours expended in filing its Notice of Removal. (Doc. 1).[4]

Accordingly, the following is **ORDERED**:

1. The plaintiffs' construed motion to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(2) (Doc. 48) is **GRANTED**. This action is **DISMISSED without prejudice**.

2. Coraluzzo's request for reasonable attorney's fees and costs (Doc. 58) is **GRANTED**. Coraluzzo is awarded reasonable attorney's fees and costs incurred as a result of litigation in this Court beginning with hours expended in filing its Notice of Removal.

3. Coraluzzo's motion for leave to file counterclaims (Doc. 46) is **DENIED**

---

[4] Geico requested no award of attorney's fees and costs.

**as moot**.

4. Coraluzzo's motion to compel (Doc. 53) is **DENIED as moot**.

5. By **June 11, 2021**, the plaintiffs and Coraluzzo must meet and confer to determine Coraluzzo's reasonable attorney's fees and costs. If the plaintiffs and Coraluzzo resolve the fees and costs amount, then Coraluzzo must file a notice by **June 14, 2021**, that advises the Court of such. If the plaintiffs and Coraluzzo fail to resolve the fees and costs, then Coraluzzo must file a motion for reasonable attorney's fees and costs by **June 14, 2021**. Failure to resolve Coraluzzo's attorney's fees and costs might result in the Court increasing or reducing Coraluzzo's requested awards consistent with the lodestar method. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate.").

6. The Clerk is directed to terminate any pending motions and deadlines and to close this case.

**ENTERED** in Tampa, Florida, on June 2, 2021.

Kathryn Kimball Mizelle
United States District Judge